UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **BARRIER GUARD TECHNOLOGIES, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**MCCUE CORPORATION**<br><br>Defendant. | CASE NO. 24-12578<br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Barrier Guard Technologies, LLC ("Plaintiff" and/or "BGT") files this complaint against McCue Corporation ("Defendant" and/or "McCue") for infringement of U.S. Patent No. 8,215,865 ("the '865 Patent") and alleges as follows:

## THE PARTIES

1. Plaintiff is a Wyoming company having its principal place of business in Cheyenne, Wyoming.

2. Upon information and belief, Defendant is a company organized and existing under the laws of the State of Massachusetts, with a principal place of business at 125 Water St., Danvers, MA 01923.

3. On information and belief, McCue Corporation may be served through its registered agent in the State of Massachusetts: Corporation Service Company, 84 State Street, Boston, MA 02109

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. § 271 *et seq*. Plaintiff is seeking damages, as well as attorney fees and costs.

5. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

6. On information and belief, this Court has personal jurisdiction over Defendant because Defendant has committed, and continues to commit, acts of infringement in this District, has conducted business in this District, and/or has engaged in continuous and systematic activities in this District.

7. More specifically, Defendant, directly and/or through intermediaries, ship, distribute, use, offer for sale, sell, and/or advertise products and/or services in the United States and the State of Massachusetts including, but not limited to, the Products as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of Massachusetts. Defendant solicits and has solicited customers in the State of Massachusetts. Defendant has paying customers, who are residents of the State of Massachusetts, who each use and have used the Defendant's products and services in the State of Massachusetts.

8. On information and belief, Defendant's instrumentalities that are alleged herein to infringe were and continue to be used, imported, offered for sale, and/or sold in this District.

9. Venue is proper in this district as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b). As noted above, Defendant maintains a regular and established business presence in this District. *See* Figure 1 below.



Figure 1
(source: https://www.mccue.com/contact-us)

**PATENT-IN-SUIT**

10. On July 10, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '865 Patent, entitled "Anti-Ram System and Method of Installation." The '865 Patent is attached as Exhibit A.

11. Plaintiff is the sole and exclusive owner, by assignment, of the '865 Patent.

12. Plaintiff possesses all rights of recovery under the '865 Patent, including the exclusive right to recover for past, present and future infringement.

13. The '865 Patent contains thirty-five claims including three independent claims (claims 1, 16 and 33) and thirty-two dependent claims.

14. The priority date of the '865 Patent is at least as early as July 26, 2004. As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

15. Plaintiff alleges infringement on the part of Defendant of the '865 Patent.

16. The '865 Patent teaches an anti-ram system and method of construction having a shallow mounted base pad from which extend a plurality of bollards. Very little or only shallow excavation is required for the base of the bollard system. *See* '865 Patent, Abstract.

17. The '865 Patent was examined by Primary United States Patent Examiner Raymond W. Addie. During the examination of the '865 Patent, the United States Patent Examiner searched for prior art in the following US Classifications: 404/6 and 256/13.1.

18. After conducting a search for prior art during the examination of the '865 Patent, the United States Patent Examiner identified and cited 25 U.S. patents, 12 published U.S. patent applications, 12 international patent publications and 2 published articles.

19. After giving full proper credit to the prior art and having conducted a thorough search for all relevant art and having fully considered the most relevant art known at the time, the United States Patent Examiner allowed all of the claims of the '865 Patent to issue. In so doing, it is presumed that Examiner Addie used his knowledge of the art when examining the claims. *K/S Himpp v. Hear-Wear Techs., LLC,* 751 F.3d 1362, 1369 (Fed. Cir. 2014). It is further presumed that Examiner Addie had experience in the field of the invention, and that the Examiner properly acted in accordance with a person of ordinary skill. *In re Sang Su Lee,* 277 F.3d 1338, 1345 (Fed. Cir. 2002). In view of the foregoing, the claims of the '865 Patent are novel and non-obvious, including over all non-cited art which is merely cumulative with the referenced and cited prior art. Likewise, the claims of the '865 Patent are novel and non-obvious, including over all non-cited contemporaneous state of the art systems and methods, all of which would have been known to a person of ordinary skill in the art, and which were therefore presumptively also known and considered by Examiner Addie.

20. The claims of the '865 Patent were all properly issued, and are valid and enforceable for the respective terms of their statutory life through expiration, and are enforceable for purposes of seeking damages for past infringement even post-expiration. *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.' Much to the contrary, a patent does have value beyond its expiration date. For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

21. The nominal expiration date for the claims of the '865 Patent is no earlier than July 26, 2025.

## COUNT I
## (Infringement of United States Patent No. 8,215,865)

22. Plaintiff refers to and incorporates the allegations in Paragraphs 1 – 21, the same as if set forth herein.

23. This cause of action arises under the patent laws of the United States and, in particular under 35 U.S.C. §§ 271, *et seq*.

24. Defendant has knowledge of its infringement of the '865 Patent, at least as of the service of the present complaint.

25. The '865 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

26. Upon information and belief, Defendant has infringed and continues to infringe one or more claims, including at least Claims 2-4, 14 and 15, of the '865 Patent by manufacturing, using, importing, selling, offering for sale, and/or providing (as identified in the Claim Chart attached hereto as Exhibit B) products including, but not limited to,

the CrashCore Bollard S20 Shallow (ASTM F3016) ("Products"), which infringe at least Claims 2-4, 14 and 15 of the '865 Patent. Defendant has infringed and continues to infringe the '865 patent either directly or through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

27. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, one or more claims, including at least Claims 2-4, 14 and 15, of the '865 Patent, by having its employees internally test and use these exemplary Products.

28. The service of this Complaint, in conjunction with the attached claim chart and references cited, constitutes actual knowledge of infringement as alleged here.

29. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe one or more claims, including at least Claims 2-4, 14 and 15, of the '865 Patent. On information and belief, Defendant has also continued to sell the exemplary Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes one or more claims, including at least Claims 2-4, 14 and 15, of the '865 Patent. *See* Exhibit B (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

30. At least since being served by this Complaint and corresponding claim chart, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '865 Patent, literally or by the doctrine of equivalents, by selling exemplary Products to their customers for use in end-user products in a manner that infringes one or more claims, including at least Claims 2-4, 14 and 15, of the '865 Patent.

31. Exhibit B includes a chart comparing exemplary Claims 2-4, 14 and 15 of the '865 Patent to Defendant's exemplary Products. As set forth in these charts, Defendant's exemplary Products practice the technology claimed by the '865 Patent. Accordingly, Defendant's exemplary Products incorporated in this chart satisfy all elements of exemplary Claims 2-4, 14 and 15 of the '865 Patent.

32. Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit B.

33. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

34. Defendant's actions complained of herein will continue unless Defendant is enjoined by this court.

35. Defendant's actions complained of herein are causing irreparable harm and monetary damage to Plaintiff and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

36. Plaintiff is in compliance with 35 U.S.C. § 287.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to:

1. Enter judgment for Plaintiff on this Complaint on all cases of action asserted herein;

2. Enter an Order enjoining Defendant, its agents, officers, servants, employees, attorneys, and all persons in active concert or participation with Defendant who receives notice of the order from further infringement of United States Patent No.

        8,215,865 (or, in the alternative, awarding Plaintiff running royalty from the time judgment going forward);

3.      Award Plaintiff damages resulting from Defendant's infringement in accordance with 35 U.S.C. § 284; and

4.      Award Plaintiff such further relief to which the Court finds Plaintiff entitled under law or equity.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: October 8, 2024

Respectfully Submitted,

/s/ Brendan M. Shortell
Brendan M. Shortell (BBO# 675851)
Lambert Shortell & Connaughton
100 Franklin Street, Suite 903
Boston, MA 02110
Telephone: 617.720.0091
Facsimile: 617.720.6301
shortell@lambertpatentlaw.com